IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLEN SIMON and | ) |
| | ) |
| SOLARIS POWER SERVICES, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-0152-DGK |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) |
| | ) |
| ASSOCIATE ELECTRIC & GAS INSURANCE SERVICES, LTD., | ) |
| | ) |
| CAPITAL ELECTRIC, INC., and | ) |
| | ) |
| KEVIN and ANITA JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO SEVER CLAIM

This case is an insurance coverage dispute concerning an uncontested $44 million judgment entered against Solaris Power Services, LLC ("Solaris") in the Circuit Court of Jackson County, Missouri, in favor of Kevin and Anita Johnson ("the Johnsons") pursuant to Mo. Rev. Stat. § 537.065.[1] The judgment arises from an accident at the General Motors Fairfax plant in Kansas City, Kansas, in which Kevin Johnson, an electrician employed by Capital Electric Construction Company, Inc.,[2] ("Capital") was severely injured because of Solaris's negligence in failing to de-energize equipment on which he was working. Capital was insured

---

[1] Section 537.065 is a Missouri statute that permits certain alleged tort-feasors to contract with the injured persons in order to limit the tort-feasors' liability exposure to the proceeds of their insurance policies.

[2] The named defendant, Capital Electric, Inc., is actually a Texas corporation that is unrelated to the intended defendant, Capital Electric Construction Company, Inc.

by Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and Associate Electric & Gas Insurance Services, LTD. ("AEGIS"), provided excess liability insurance to Capital. Plaintiffs Glen Simons ("Simons") and Solaris (collectively "Plaintiffs") allege they were, or should have been, additional insureds under both policies, but both insurance companies wrongly denied them coverage, damaging them.

Plaintiffs subsequently filed suit in Jackson County Circuit Court to try to recover on the policies. Liberty Mutual removed to this Court.

Now before the Court is Liberty Mutual's Motion to Sever Plaintiffs' Purported Claim Against Capital Electric (Doc. 21). Finding that the dispute between Solaris and Capital arises out of the same series of occurrences as the other counts in this lawsuit, and that judicial economy weighs in favor of hearing all of these claims in one case, the motion is DENIED.

**Background**

The facts relevant to the pending motion are as follows.

On January 30, 2017, Plaintiffs filed a lawsuit in Jackson County Circuit Court against Liberty Mutual, AEGIS, and Kevin and Anita Johnson. Plaintiffs brought claims for breach of contract and bad faith refusal to defend and settle, alleging Plaintiffs were additional insureds under the Liberty Mutual and AEGIS insurance policies, and that they were damaged by the insurance companies' denial of coverage for Solaris. After Liberty Mutual removed this lawsuit to federal court, Plaintiffs voluntarily dismissed it. *See Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-cv-089-DGK (Feb. 9, 2017 W.D. Mo.).

On February 17, 2017, Plaintiffs filed the pending lawsuit in Jackson County Circuit Court. This lawsuit is almost identical to the previous one except it adds two additional claims and an additional defendant. Count V is a breach of contract claim brought by Solaris against

Capital Electric, Inc., a Texas corporation  It is pled in the alternative to the other counts.[3]  It alleges Capital Electric, Inc. contracted with Solaris to include Solaris as an additional insured under any liability policy, and it breached this contract by failing to do so.

**Standard**

Federal Rule of Civil Procedure Rule 20 states that defendants may be joined in one action *if*,

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

Additionally, Rule 21, which governs "Misjoinder and Nonjoinder of Parties" provides in relevant part that the court "may at any time, on just terms," sever any claim against a party. Fed. R. Civ. P. 21.  Severance under this rule is committed to the court's sound discretion. *Sprint Commc'ns. Co. L.P. v. K.L.M. Tel. Co.*, No. 14-06049-CV-SJ-FJG, 2014 WL 4426275, at *1 (W.D. Mo. Sept. 9, 2014).  This discretion is guided by the same factors guiding a decision to transfer, including judicial economy, efficiency, and the potential for delay.  *Id.*

The Court of Appeals has recently reiterated that the joinder of claims, parties, and remedies is "strongly encouraged," and that Rule 20 allows "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Fughum v. Allen*, 626 F. App'x 653, 654 (8th Cir. 2015).

---

[3] Liberty Mutual's argument that Count V was not pled in the alternative is unavailing.  While Plaintiffs could have made this clearer, it is clear enough that the count is pled in the alternative.

**Discussion**

Liberty Mutual argues Count V is misjoined to this lawsuit because it does not arise out of the same transaction, occurrence, or series of transactions or occurrences, as the other counts. Arguing in the alternative, Liberty Mutual suggests the Court should exercise its discretion to sever Count V.

**I.    Count V is not misjoined.**

The Court holds all the claims in the Petition are reasonably related such that they should be decided in the same case. The claims all concern the same central question, namely, which entities, if any, are responsible for paying the judgment in the underlying case. The Court agrees that any alleged failure by Kevin Johnson's employer to name Solaris as an additional insured is properly a part of this action. To rule otherwise would waste judicial resources as the related controversies would be resolved in piecemeal fashion by different courts.

Not joining all the claims in one action might possibly raise the risk of subjecting Solaris to inconsistent judgments. For example, suppose the Court severed Count V and then ruled Liberty Mutual did not owe coverage to Solaris because its policy required Capital to follow a certain protocol before additional insured coverage would be extended, and Capital failed to follow this protocol. Solaris could not recover against Liberty Mutual, and then would have to file a separate lawsuit against Capital alleging Capital's failure to follow the protocol breached its contract with Solaris. Capital, which was not a party to the prior lawsuit and so was not bound by the Court's determination, would then be free to argue that it did follow the required protocol and so did not breach its contract. This would leave Solaris potentially exposed to inconsistent judgments.

The Court will not address Liberty Mutual's argument that Count V should be severed because Plaintiffs erroneously named the Texas company Capital Electric, Inc. as a defendant because this argument was raised for the first time in Liberty Mutual's reply brief. *See Mahaney v. Warren County*, 206 F.3d 770, 771 n.2 (8th Cir. 2000) ("Claims not raised in an initial brief are waived, and we generally do not consider issues raised for the first time ... in a reply brief." (citations omitted)). Liberty Mutual's related argument—that Capital Electric, Inc., was fraudulently joined to the lawsuit because it was erroneously named as a defendant—was properly raised in its consolidated opposition to the motions to remand, and it will be considered in conjunction with the motions to remand.

## II.     The Court declines to exercise any discretion to sever Count V.

Alternately, Liberty Mutual suggests it will be prejudiced if the Court fails to sever Count V. It argues Plaintiffs added Count V to intentionally destroy diversity, and allowing them to add Count V at this stage of the litigation is akin to adding a defendant post-removal to destroy diversity, which a court may deny. It also argues failure to severe the claim will harm judicial economy, efficiency, convenience, and will delay the litigation if Solaris is permitted to proceed on a claim that may be mooted by the Court's coverage determination.

The Court finds Liberty Mutual will not be prejudiced if Count V is not severed. Re-filing a lawsuit to include additional claims against another defendant so as to avoid a risk of inconsistent judgments is not a pernicious tactic that prejudices Liberty Mutual. Additionally, although the inclusion of Count V will make this litigation marginally more complex, it is still a more efficient use of judicial resources to decide all of these claims in one case rather than several. Indeed, based on the possible risk of inconsistent judgments here, Count V's joinder is arguably required under Rule 19. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii) (holding a person must be

joined if disposing the action in the person's absence may leave an existing party subject to a "substantial" risk of incurring inconsistent obligations).

## Conclusion

For the foregoing reasons, the Motion to Sever Plaintiffs' Purported Claim Against Capital Electric (Doc. 21) is DENIED.

**IT IS SO ORDERED.**

Date:   December 8, 2017             /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT