IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLEN SIMON and | ) |
| | ) |
| SOLARIS POWER SERVICES, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-0152-DGK |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| ASSOCIATE ELECTRIC & GAS | ) |
| INSURANCE SERVICES, LTD., | ) |
| | ) |
| CAPITAL ELECTRIC, INC., and | ) |
| | ) |
| KEVIN and ANITA JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS TO REMAND**

This case is an insurance coverage dispute concerning an uncontested $44 million judgment entered against Solaris Power Services, LLC ("Solaris") in the Circuit Court of Jackson County, Missouri, in favor of Kevin and Anita Johnson ("the Johnsons") pursuant to Mo. Rev. Stat. § 537.065.[1] The judgment arises from an accident at the General Motors Fairfax plant in Kansas City, Kansas, in which Kevin Johnson, an electrician employed by Capital Electric Construction Company, Inc.,[2] ("Capital") was severely injured because of Solaris's negligence in failing to de-energize equipment on which he was working. Capital was insured

---

[1] Section 537.065 is a Missouri statute that permits certain alleged tort-feasors to contract with the injured persons in order to limit the tort-feasors' liability exposure to the proceeds of their insurance policies.

[2] The named defendant, Capital Electric, Inc., is actually a Texas corporation that is unrelated to the intended defendant, Capital Electric Construction Company, Inc.

by Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and Associate Electric & Gas Insurance Services, LTD. ("AEGIS"), provided excess liability insurance to Capital. Plaintiffs Glen Simons ("Simons") and Solaris (collectively "Plaintiffs") allege they were, or should have been, additional insureds under both policies, but both insurance companies wrongly denied them coverage, damaging them.

Plaintiffs subsequently filed suit in Jackson County Circuit Court to try to recover on the policies. Liberty Mutual removed to this court.

Now before this Court are the Johnsons' motion to remand (Doc. 11) and Plaintiffs' separate motion to remand (Doc. 14). The Court holds that the Johnsons and the named defendant, Capital Electric, Inc., have been fraudulently joined, and so the motions are DENIED.

**Background**

Solaris Power is the judgment debtor on the judgment obtained by Kevin and Anita Johnson who have been named as defendants in this case.[3]

On January 17, 2017, Liberty Mutual filed a declaratory judgment action in the United States District Court for the District of Kansas seeking a declaration that it owes Solaris no coverage as an additional insured under the insurance policy issued to Capital. *See Liberty Mut. Fire Ins. Co. v. Solaris Power Servs., LLC*, No. 2:17-cv-02046-CM-GLR.[4]

On January 30, 2017, Plaintiffs filed suit in Jackson County Circuit Court against Liberty Mutual, AEGIS, and Kevin and Anita Johnson. Plaintiffs brought four claims for breach of contract and bad faith refusal to defend and settle, alleging they were additional insureds under

---

[3] Solaris and the Johnsons have reached a settlement assigning Solaris's claims against Liberty Mutual to the Johnsons.

[4] This case is currently pending. The parties are awaiting a ruling on a motion to dismiss for lack of personal jurisdiction.

2

the Liberty Mutual and AEGIS insurance policies, and that they were damaged by the insurance companies denial of coverage for Solaris. Liberty Mutual removed this lawsuit to federal court, and then Plaintiffs voluntarily dismissed it. *See Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-cv-089-DGK (Feb. 9, 2017 W.D. Mo.).

On February 17, 2017, Plaintiffs filed the present lawsuit, which is nearly identical to the previous lawsuit except it adds two claims. Count V is a breach of contract claim brought by Solaris against Capital, who is allegedly a Missouri citizen, alleging that Capital contracted with Solaris to include Solaris as an additional insured under any liability policy issued to Capital, and Capital breached the contract by failing to include Solaris as an additional insured on the Fairfax job. Count VI seeks a declaratory judgment that Solaris is an additional insured under the Liberty Mutual policy issued to Capital.

None of the six counts in the Petition names either Johnson as a defendant. Further, paragraph five of the Petition states, "Defendants Kevin Johnson and Anita Johnson are necessary parties pursuant to § 379.200 R.S.Mo [Missouri's equitable garnishment statute], and can be served at their residence," but the Petition contains no equitable garnishment count.

**Standard**

An action may be removed by the defendant where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). In considering a motion to remand, removal statutes are strictly construed, and the court resolves all doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

To invoke the court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. *Id.* § 1332(a). The parties agree that the amount in dispute is more than $75,000, they disagree whether the diversity requirement is satisfied. Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Also, the "forum-defendant rule" prohibits an action from being removed to federal court "if any of the parties in interest properly joined and served" as a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

Fraudulent joinder is an exception to the complete diversity rule. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Fraudulent joinder occurs when a litigant files "a frivolous or illegitimate claim" against a non-diverse party to prevent removal. *Id.* Although the doctrine is called "fraudulent joinder," the term is "somewhat of a misnomer" because the plaintiff's intent is not an element in the analysis. *Kongelf v. Sears Holding Corp.*, No. 4:09-cv-038, 2010 WL 1977833, at *3 (D.N.D Apr. 7, 2010). In determining whether there is fraudulent joinder, the court considers only whether there is "any reasonable basis in fact or law to support a claim" against the nondiverse party. *In re Prempro Prods.*, 591 F.3d at 620.

In conducting the diversity analysis, the court disregards the citizenship of any nominal parties and determines jurisdiction from the citizenship of the real parties in interest. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). Nominal parties are generally those without a real interest in the result of the suit or an ownership interest in the funds at issue. "The 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted, and in a diversity case, the governing substantive law is ordinarily state law."

4

*Iowa Pub. Serv. Co. v. Med. Box Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977). A defendant's citizenship may be disregarded when it is clear that the defendant (1) is neither necessary nor indispensable, (2) has no stake in the litigation, and (3) has no real, present claims for relief sought against it. *Fisher v. Dakota Cmty. Bank*, 405 F. Supp. 2d 1089, 1095 (D.N.D. 2005).

**Discussion**

The moving parties argue that Capital and the Johnsons are properly joined and served defendants, thus the "forum-defendant rule" prohibits removal. They also contend that Liberty Mutual's removal of the case prior to the Johnsons being served is inconsistent with fundamental principles of removal.

Liberty Mutual responds that Capital and the Johnsons are not properly joined and served. It asserts the entity "Capital Electric, Inc." named by the Petition is not a real defendant in interest. Additionally, the Johnsons' citizenship should be disregarded for purposes of analyzing diversity jurisdiction because they: (1) have been fraudulently joined; (2) are merely nominal parties; or (3) should be realigned as plaintiffs in this litigation. Finally, Liberty Mutual contends removal was not inappropriate because it was not required to ascertain the status of service upon the Johnsons before removing the case.

**I.    Plaintiff erroneously named "Capital Electric, Inc." as a defendant, so its citizenship cannot be used to destroy diversity.**

In determining whether removal was appropriate, the court's jurisdiction is determined at the time the case was removed, even if "subsequent events may remove from the case the facts on which jurisdiction was predicated." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012). At the time of removal Capital Electric, Inc., a Texas corporation that is unrelated to the *intended* defendant, Capital Electric Construction Company, Inc., was the named

defendant.[5] There is no dispute that Capital Electric, Inc. had nothing to do with the events in this case, and this mistake was not a typographical error; Plaintiffs simply named the wrong party. At the time of removal then, there was no reasonable basis in fact or law to support a claim against Capital Electric, Inc., thus it was fraudulently joined and its citizenship—whatever that may be[6]—cannot be used to destroy diversity. *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (observing diversity cannot be defeated by joining a defendant who has no real connection with the controversy); *Kuehl v. Jefferson Pilot Fin.*, No. 8:12CV260, 2012 WL 5463907, at *4 (D. Neb. Nov. 8, 2012) (holding that where the plaintiff named the wrong defendant, the defendant was "erroneously joined and its citizenship cannot be relied upon to destroy diversity").

## II. The Johnsons have been fraudulently joined, so their citizenship is ignored for purposes of the diversity analysis.

The Court holds the Johnsons have been fraudulently joined also. The moving parties contend the Johnsons are parties to the declaratory judgment claim, Count VI. In fact, although Count VI mentions the Johnsons injuries and their status as judgement creditors against Solaris, neither Count VI or any of the other counts names the Johnsons as defendants or seeks any relief from them. The caption reads:

---

[5] Apparently recognizing that they sued the wrong company, Plaintiffs subsequently asked the Jackson County Circuit Court to issue an alias summons directed to Capital Electric Construction Company, Inc. They did so, however, *three weeks after* this case was removed to federal court. Because this request was made post-removal, the Jackson County Circuit Court had no authority to issue a revised summons. 28 U.S.C. § 1446(d) (providing that after the notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded"). Even if it did, the Court determines jurisdiction at the time the notice of removal is filed.

[6] The Court notes there appears to be some dispute whether Capital Electric Construction Company, Inc. is a Missouri citizen.

## COUNT VI
## DECLARATORY JUDGMENT
(Liberty Mutual Fire)

The prayer for relief states:

> WHEREFORE, Solaris respectfully requests a declaration of rights, duties and obligations and seeks declaratory judgment in its favor as follows:
>
> a. That the terms of coverage in the Policy provide coverage, including a defense and indemnification, to Solaris, for the liability asserted against it in the Underlying Action, filed in Jackson County, Missouri Circuit Court, as case no. 1316-CV28128.
>
> b. That Solaris is entitled to all further relief deemed justified and equitable by this Court.

There is no mention of the Johnsons, so the Court rules the Petition contains no claims against them and they have been fraudulently joined.

Even if the Johnsons had been named as defendants, however, the prospects for remand would be no better because paragraph five of the Petition alleges that an equitable garnishment action is available to the Johnsons. And when an equitable garnishment action is available, a declaratory judgment action cannot be brought to determine coverage issues. *Cronin v. State Farm Fire & Cas. Co.*, 957 S.W. 2d 583, 587 (Mo. Ct. App. 1997). Thus, the Johnsons would still be fraudulently joined.

Of course, the Johnsons have a potential equitable garnishment cross-claim against Liberty Mutual, but an anticipatory cross-claim does not preclude removal and federal jurisdiction any more than an anticipatory cross-claim can establish federal jurisdiction. *Cf. Reding v. Federal Deposit Ins. Corp.*, 942 F.2d 1254, 1257 (8th Cir. 1991) (noting the basis of

federal jurisdiction must appear on the face of the plaintiff's complaint and that removal is improper if premised solely upon an anticipated defense).

Because the Court holds the Johnsons have been fraudulently joined, it need not decide whether they are nominal parties or should be realigned as plaintiffs in the litigation.

### III. The Court need not determine whether Liberty Mutual's allegedly removing the case prior to the Johnsons being served is problematic.

Finally, the moving parties complain that Liberty Mutual's removing this case prior to the Johnson's being served with the Petition contravenes the purpose of the removal statute.

This argument stems from an ongoing dispute in the law over what the text of the forum-defendant rule means. The forum-defendant rule prohibits an action from being removed to federal court if any defendant "properly joined *and served*" is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2) (emphasis added). Because of the "and served" language, some defendants have begun removing cases as quickly as possible, before any forum-defendant can be served. *Travers v. Five Below, Inc.*, No. 4:17-cv-1274 (CEJ), 2017 WL 2813320, at *2-3 (E.D. Mo. June 29, 2017). In fact, some defendants, such as insurance companies, who expect to be named along with a forum defendant have begun monitoring state court dockets to remove any case before the plaintiff can serve a diversity destroying co-defendant. Critics complain this tactic, which they call "docket hawking," is unfair and defeats the purpose of the forum-defendant rule, which is to "allow out-of-state defendants to avoid local bias and remove to a federal forum, while preventing plaintiffs from joining, but not serving, forum defendants to block removal." *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1245 (E.D. Mo. 2012); *Travers*, 2017 WL 2813320, at *2-3 (discussing "docket hawking"). Others

8

respond that a defendant has no obligation to wait and monitor the status of a plaintiff's service before exercising a statutory right to removal.

Courts have taken a variety of approaches to this issues. *Travers*, 2017 WL 2813320, at *2-3; *Mikelson v. Allstate Fire and Cas. Ins. Co.*, No. 16-01237-cv-w-RK, 2017 WL 634515, at *4-5 (W.D. Mo. Feb. 16, 2017). Some have read the text strictly and permitted removal any time before a forum defendant has been served. *Mikelson*, 2017 WL 634515, at *4. Other courts have looked to the intent of Congress in passing the statute; they conclude that the forum-defendant rule should be read to preclude removal anytime a forum defendant has been named, regardless of whether the forum defendant has actually been served. *Travers*, 2017 WL 2813320, at *3. Other courts have taken a middle-ground approach, adopting a relatively narrow exception, remanding only "'egregious'" cases involving behavior that "'smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving.'" *Id.* (quoting *Perez*, 902 F. Supp. 2d at 1243).

In the present case, the parties dispute if or when the Johnsons were served with the Petition, and whether Liberty Mutual is guilty of "docket hawking." Because the Court has held the Johnsons have been fraudulently joined, it does not have to determine whether they were properly served under § 1441(b)(2), and so declines to address this question.

## Conclusion

For the foregoing reasons, the motions to remand (Docs. 11, 14) are DENIED.

**IT IS SO ORDERED.**

Date:  December 8, 2017            /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT