# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLEN SIMON and | ) |
| | ) |
| SOLARIS POWER SERVICES, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-0152-DGK |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| ASSOCIATE ELECTRIC & GAS | ) |
| INSURANCE SERVICES, LTD., | ) |
| | ) |
| CAPITAL ELECTRIC, INC., and | ) |
| | ) |
| KEVIN and ANITA JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO STAY AND COMPEL ARBITRATION

This case is an insurance coverage dispute concerning an uncontested $44 million judgment entered against Solaris Power Services, LLC ("Solaris") in the Circuit Court of Jackson County, Missouri, in favor of Kevin and Anita Johnson ("the Johnsons") pursuant to Mo. Rev. Stat. § 537.065.[1] The judgment arises from an accident at the General Motors Fairfax plant in Kansas City, Kansas, in which Kevin Johnson, an electrician employed by Capital Electric Construction Company, Inc., ("Capital") was severely injured because of Solaris's negligence in failing to de-energize equipment on which he was working. Capital was insured by Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and Associate Electric & Gas Insurance Services, LTD. ("AEGIS"), provided excess liability insurance to Capital. Plaintiffs

---

[1] Section 537.065 is a Missouri statute that permits certain alleged tort-feasors to contract with the injured persons in order to limit the tort-feasors' liability exposure to the proceeds of their insurance policies.

Glen Simons ("Simons") and Solaris (collectively "Plaintiffs") allege they were, or should have been, additional insureds under both policies, but both insurance companies wrongly denied them coverage, damaging them.

Now before this Court is AEGIS's Motion to Stay and Compel Arbitration (Doc. 86). Holding the policy's arbitration provision is unenforceable, the motion is DENIED.

## Background

Counts III and IV of the Petition are claims for breach of contract and bad faith refusal to defend and settle against AEGIS. Plaintiffs allege they were additional insureds under AEGIS's insurance policy issued to Capital, and that they were damaged by AEGIS's denial of coverage.

The AEGIS excess policy at issue contains a Dispute Resolution Condition which requires any controversy or dispute arising out of the policy to be resolved through several steps, and ultimately, mandatory binding arbitration. AEGIS Policy IV.(R)(3) (Doc. 87-1).[2] The same provision also states, "The terms of this POLICY are to be construed in an evenhanded fashion as between the INSURED and the COMPANY in accordance with the laws of the jurisdiction in which the situation forming the basis for the controversy arose." *Id*.

---

[2] It states:

> Any controversy or dispute arising out of or relating to this POLICY, or the breach, termination or validity thereof, which has not been resolved by non-binding means as provided herein within ninety (90) days of the initiation of such procedure, shall be settled by binding arbitration in accordance with the last published CPR Institute Rules for Non-Administered Arbitration of Business Disputes (the "CPR Rules") by three (3) independent and impartial arbitrators.

AEGIS Policy IV.(R)(3).

**Discussion**

AEGIS moves to stay the litigation and compel arbitration on the grounds that its policy contains a mandatory, binding arbitration clause. AEGIS contends that North Dakota law should apply to this dispute, and that under North Dakota law, the policy's arbitration clause is valid and enforceable. AEGIS moves the Court to dismiss all claims against it, or alternately, stay the proceedings against it and compel arbitration.

The Johnsons respond that the arbitration clause is unenforceable because mandatory arbitration provisions in insurance contracts contravene Missouri public policy. Alternately, they argue that the contract also includes a choice of law provision which directs that Missouri law should govern this dispute.

**I.     The arbitration clause contravenes Missouri public policy.**

A federal court exercising its diversity jurisdiction applies the choice of law rules of the state where it sits. *Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007). A Missouri court will apply the law of another jurisdiction so long as "this law is not contrary to a fundamental policy of Missouri." *See Sturgeon v. Allied Prof'ls Ins. Co.*, 344 S.W.3d 205, 210 (Mo. Ct. App. 2011) (declining to apply California choice of law provision because it would allow an arbitration clause in an insurance policy to be enforced, which is contrary to Missouri public policy). The problem with the proposed application of North Dakota law—or, for that matter, the application of any other state's law that would enforce the arbitration provision—is that honoring it would contravene Missouri public policy.

Section 435.350 of the Missouri Arbitration Act prohibits mandatory arbitration provisions in insurance contracts. *Id.* at 210. It states,

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract, *except contracts of*

> *insurance and contracts of adhesion,* to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. Contracts which warrant new homes against defects in construction and reinsurance contracts are not 'contracts of insurance or contracts of adhesion' for purposes of the arbitration provisions of this section.

Mo. Rev. Stat. § 435.350 (emphasis added). "This section makes clear that Missouri law deems arbitration agreements in insurance contracts to be invalid" and "contrary to Missouri public policy." *Sturgeon*, 344 S.W.3d at 210; *see Standard Sec. Life Ins. Co. of New York v. West*, 267 F.3d 821, 824 (8th Cir. 2001) (upholding a district court's determination that the Missouri Arbitration Act rendered an insurance policy's arbitration clause unenforceable). Consequently, the arbitration agreement is unenforceable by this Court. *See id.* at 211.

II. **Alternately, the policy's effective choice of law provision provides that the policy is construed according to Kansas law, and under Kansas law, the arbitration provision is unenforceable.**

Even if the Court conducted a choice of law analysis, the result would still be the same. To resolve a choice of law question in an insurance coverage dispute, Missouri adopted sections 188 and 193 of the Restatement (Second) of Conflict of Laws ("the Restatement"). *Viacom, Inc. v. Transit Cas. Co.*, 138 S.W.3d 723, 724-25 (Mo. 2004). In relevant part, section 188 states:

> § 188. The Law Governing *in Absence of Effective Choice by the Parties*
>
> . . .
>
> (2) *In the absence of effective choice of law by the parties (see § 187)*, the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and

4

> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Restatement § 188(2) (emphasis added). AEGIS contends these factors weigh in favor of applying North Dakota law. AEGIS errs by focusing on these factors, because a court considers them only "[i]n the absence of effective choice of law by the parties (see § 187)," and here the policy contains an *effective* choice of law provision. Restatement § 188(2).

The policy's effective choice of law language provides that the policy must be construed according to Kansas law. Missouri courts apply section 187 in its entirety, and under section 187, "a contract need not contain an express choice of law provision to demonstrate the parties' intent to subject their agreement to a particular state's law." *George K. Baum & Co. v. Twin City Fire Ins. Co.*, 760 F.3d 795, 799-800 (8th Cir. 2014) (observing a contract that did not contain an express choice of law provision nonetheless contained an effective choice of law provision making New York law applicable). The AEGIS's policy states it will "be construed . . . in accordance with the laws of the jurisdiction in which the situation forming the basis for the controversy arose." AEGIS Policy IV.(R)(3). The "situation forming the basis for the controversy" here is the accident at the Fairfax plant in Kansas, thus Kansas law governs the policy. And under Kansas law, arbitration provisions in insurance contracts are unenforceable. Kan. Stat. Ann § 5-401.; *Friday v. Trinity Universal of Kan.*, 939 P.2d 869, 873 (Kan. 1997) ("[W]e hold that Kansas Legislature intended the prohibition in K.S.A. 5-401(c)(1) to apply to all insurance contracts that require any form of arbitration.").

Hence, the result is the same: the arbitration provision is unenforceable.

## Conclusion

For the foregoing reasons, the motion is DENIED.

**IT IS SO ORDERED.**

Date:   December 8, 2017           /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT